IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LA DONNA J. SALINAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  CIV-16-1186-D |
| ) | |
| TRIPLE F. TRUCKING, ) | ATTORNEY LIEN CLAIMED |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW**, the Plaintiff, **La Donna Salinas ("Plaintiff")**, by and through her attorney of record, **E. Ed Bonzie**, Oklahoma City, Oklahoma, and for her cause of action against the Defendant, **Triple F Trucking, ("Defendant Triple F"** ) and alleges and states as follows:

1. This action seeks declaratory, injunctive and equitable relief, actual, compensatory and punitive damages, and costs and attorneys' fees for the tortious acts and discrimination suffered by Plaintiff in her employment with Defendant Triple F Trucking.

2. In compliance with 42 U.S.C. §2000e, et. seq., Plaintiff has caused to be filed a charge of discrimination with the Equal Employment Opportunity Commission, and a true and accurate copy of which is attached hereto as Exhibits "1", and incorporated by reference as if fully set forth herein.  On or about August 18, 2016, Plaintiff received a Notice of Right to Sue letter which was issued by the Equal Employment Opportunity Commission, with respect to the charge as set forth in Exhibit "1".  A copy of said Notice of Right to Sue is attached hereto as Exhibit "2", and incorporated by reference as if fully set forth herein.

## PARTIES

3. The Plaintiff is, and at all times hereinafter mentioned was, domiciled in, and a citizen of the State of Oklahoma.

4. Defendant corporation was, and is now, an Oklahoma Corporation, and employer of Plaintiff, which corporation engages in an industry affecting commerce, and employs more than fifteen (15) regular employees. Further, Defendant corporation was, and is now, an Oklahoma Corporation, duly licensed and existing under the laws of the State of Oklahoma, and is qualified to do, and was at all times hereinafter mentioned, transacting business in the City of Guymon, State of Oklahoma.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff herein incorporates by reference all facts and allegations contained in her Complaint.

11. Plaintiff and her husband were employed by Defendant corporation as truck drivers who were hauled materials such as asphalt, dirt and other construction materials and were so employed since April 7, 2014. Subsequently, Plaintiff and her husband purchased their own truck which was leased to Defendant Triple F.

12. On or about August 15, 2015, Plaintiff's husband decided to quit driving for Triple F because he was nether being paid for his work nor was Triple F paying for the leased truck. Consequently, Jeff Freiling the Manager of Triple F, called Plaintiff and scolded her for not showing any loyalty to the Defendant Corporation and accused Plaintiff of conspiring with her husband to stop working for the company. As a result, Plaintiff was terminated from Triple F.

13. The conduct of Defendant described above was motivated by Plaintiff's

work-and Plaintiff's sex and gender (female).

14. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, is suffering, and will continue to suffer, loss of employment and damages to her psychological well-being.

## FIRST CAUSE OF ACTION
## VIOLATION OF 25 O.S. § 1101 (ANTI-DISCRIMINATI ON STATUTE)

15. For this, the first count of her Complaint, Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

16. Defendant corporation's termination of Plaintiff was performed in bad faith and is contrary to public policy founded in the State of Oklahoma's Constitution, statutes, and case law. Specifically, Defendant's conduct in terminating Plaintiff was motivated by her gender and national origin is in violation of the Oklahoma Anti-Discrimination statute 25 O.S. §1101 et seq, (See Tate v. Browning-Ferris, Inc. 833 P. 2d 1218, Okla. 1992) .

17. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, is suffering, and will continue to suffer, loss of employment and damages to her psychological well-being.

18. Defendant's conduct was malicious and in reckless disregard for Plaintiff's rights. Therefore Plaintiff is entitled to punitive damages.

## SECOND CAUSE OF ACTION
## BREACH OF EMPLOYMENT CONTRACT

19. For this, the second count of her Complaint, Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

20. By failing to adhere to written provisions governing employment relations,

as provided in the Defendant corporation's personnel policy manual, which Plaintiff read and relied upon to her detriment, Defendant corporation has breached its express and implied contractual obligations to this Plaintiff.

21. As a direct and proximate result of Defendant corporation's conduct, Plaintiff has suffered, is suffering, and will continue to suffer, loss of employment and damages to her psychological well-being.

22. Defendant corporation's conduct was malicious and in reckless disregard for Plaintiff's rights. Therefore Plaintiff is entitled to punitive damages.

## THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23 For this, the third count of her Complaint, Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

24. The conduct of Defendant, was performed in a manner outrageous in the extreme so that any reasonable person would have known that emotional distress would result. Defendant acted recklessly and is guilty of reckless disregard for the rights and feelings of Plaintiff, which, as a consequence, has caused Plaintiff severe emotional distress.

25. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, is suffering, and will continue to suffer, loss of employment and damages to her psychological well-being.

26. Defendant's conduct was malicious and in reckless disregard for Plaintiff's rights. Therefore Plaintiff is entitled to punitive damages.

## FOURTH CAUSE OF ACTION
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## ACT OF 1964, GENDER AND SEX

27. For this, the fourth cause of action of her Complaint, Plaintiff incorporates herein all the allegations heretofore made, and further alleges and states as follows:

28. The conduct of Defendant in terminating Plaintiff's employment was in violation of Title VII of the Civil Rights Act of 1964 based on her gender, in that, men who committed dangerous and more egregious acts like flipping their trucks were not reprimanded, or terminated. However, Plaintiff was terminated.

29. As a direct and proximate result of Defendant's conduct Plaintiff has suffered, is suffering, and will continue to suffer, loss of employment and damages to her psychological well-being.

30. Defendant's conduct was malicious, and in reckless disregard to Plaintiff's rights. Therefore, Plaintiff is entitled to punitive damages.

31. As a female truck driver, Plaintiff was treated differently in the terms and conditions of her employment by the Manager, Jerry Frieling, because of her gender. The male truck drivers at Triple F received benefits, privileges, or incidental advantages over and above regular income, salary, or wages than awarded to Plaintiff in violation of Title VII. In addition, the Manager, Jeff Freiling made several statements to Plaintiff relative to her loyalty to the company. Plaintiff believed these remarks were directed at her gender. Plaintiff believed her gender was a motivating factor in the decision of Defendant to terminate her employment.

32. In addition, Plaintiff learned that similarly situated male employees of the Defendant received leave time in excess of what Plaintiff received during her employment with Defendant. Plaintiff believed her gender was a motivating factor in not allowing her the equal benefits and privileges of employment in violation of Title VII. Plaintiff further believes if she

had been allowed the same amount of leave as the similarly situated male employees of the Defendant, then she would not have been terminated by the Defendant.

33.   Plaintiff also believed her gender were factors in the decision to terminate her employment. Plaintiff was performing her job in a satisfactory manner, was a member of the protected class of employees under Title VII, was terminated and replaced by a significantly younger male employees and less experience.

**WHEREFORE,** Plaintiff prays for, and based on the above, is entitled to, a declaration that the conduct engaged in by Defendant was in violation of Plaintiff's rights; an injunction against Defendant from engaging in such conduct; restoration of Plaintiff to her rightful position, or, in lieu of reinstatement therein, an award to Plaintiff for equitable relief of back salary, front salary and fringe benefits; compensatory damages, including emotional distress, mental anguish, and humiliation; costs and expenses, including reasonable attorney's fees, as provided by law; punitive damages, as provided for by applicable law; and for any such other legal or equitable relief this Honorable Court deems just and proper.

Respectfully Submitted,

By   /s/ E. Ed Bonzie
E. Ed Bonzie, OBA #15190
8201 S. Walker
Oklahoma City, Oklahoma 73139
Telephone:   (405) 631-1031
Facsimile:   (405) 616-2488
ATTORNEYS FOR THE PLAINTIFF