IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LA DONNA J. SALINAS,          )
                              )
        Plaintiff,            )
                              )
vs.                           )    Case No. CIV-16-1186-D
                              )
TRIPLE F. TRUCKING,           )
                              )
        Defendant.            )

# **ORDER**

Before the Court is Defendant's Motion to Dismiss [Doc. No. 7], filed pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). The Motion challenges the existence of subject matter jurisdiction over Plaintiff's claim under Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, due to an alleged failure to exhaust administrative remedies. The Motion also challenges the sufficiency of the Complaint to state a timely claim of gender discrimination under Title VII and Oklahoma law, and to state common law claims of breach of contract and intentional infliction of emotional distress. Plaintiff has filed a timely response to the Motion, and Defendant has replied. The Motion is thus fully briefed and at issue.

As pertinent to the Motion, the Complaint states that Defendant employed Plaintiff and her husband as truck drivers, that Plaintiff's husband quit working for the company, and Defendant then terminated Plaintiff's employment based on her female gender. Plaintiff alleges she was treated less favorably than similarly situated male employees

during her employment and Defendant discharged Plaintiff because her husband resigned. Based on these allegations, Plaintiff asserts claims of gender discrimination under Title VII and Oklahoma's Anti-Discrimination Act ("OADA"), Okla. Stat. tit. 25, § 1101 *et seq.*, and supplemental state law claims of breach of an employment contract and intentional infliction of emotional distress.[1] To demonstrate the exhaustion of administrative remedies, the Complaint states in pertinent part:

> Plaintiff has caused to be filed a charge of discrimination with the Equal Employment Opportunity Commission, and a true and accurate copy of which is attached hereto as Exhibits "1", [sic] . . . . On or about August 18, 2016, Plaintiff received a Notice of Right to Sue letter which was issued by the Equal Employment Opportunity Commission, with respect to the charge as set forth in Exhibit "1". A copy of said Notice of Right to Sue is attached hereto as Exhibit "2".

Compl. [Doc No. 1], ¶ 2. Plaintiff filed this lawsuit on October 13, 2016.

Defendant asserts in its Motion that Plaintiff did not exhaust administrative remedies for the Title VII claim asserted in the Complaint because, except for the allegation that she was terminated due to her husband's resignation, the factual allegations underlying her gender discrimination claim were not included in her EEOC charge. Defendant also asserts that Plaintiff's Title VII and OADA claims regarding her termination are untimely. Defendant alleges that Plaintiff actually filed two EEOC

---

[1] In the "First Cause of Action" of the Complaint, in which the OADA claim is asserted, Plaintiff also refers to her termination as being contrary to public policy, and cites *Tate.v. Browning-Ferris, Inc.*, 833 P.2d 1218 (Okla. 1992). *See* Compl. at 3 & ¶¶ 15-18. Defendant asserts in its Motion that this language and citation suggest a wrongful discharge claim under *Burk v. K-Mart Corp.*, 770 P.2d 24 (1989), which has been abrogated by statute. *See* Okla. Stat. tit. 25, § 1101(A). In response, Plaintiff contends this reference was inadvertent and "concedes to dismiss all *Burk* related allegations." *See* Pl.'s Rep. Br. [Doc. No. 8] at 10 (ECF numbering). Therefore, with regard to any assertion of a separate wrongful discharge tort claim, the Court finds no issue for decision.

2

charges and received two right-to-sue dismissal notices, but she filed suit only after the second notice, which was more than 90 days after she received the first notice. Based on this factual assertion, Defendant contends any Title VII or OADA claim of gender discrimination in Plaintiff's termination – which was asserted in the first EEOC charge and the subject of an EEOC notice issued in December 2015 – is time barred.

Defendant thus mounts a two-pronged attack on Plaintiff's discrimination claim challenging (a) the sufficiency of Plaintiff's EEOC charge to administratively exhaust the gender discrimination claim asserted in the Complaint and (b) the timeliness of this suit. In support of its Motion, Defendant submits copies of Plaintiff's two EEOC charges and two dismissal notices. *See* Def.'s Mot. Dismiss, Exs. 1-4 [Doc. Nos. 7-1 to 7-4]. Plaintiff does not dispute the authenticity of these documents and, in fact, submits the same documents with her response brief. *See* Pl.'s Resp. Br., Exs. 1-4 [Doc. Nos. 8-1 to 8-4].

Regarding the issue of whether an EEOC charge satisfies the administrative exhaustion requirement for the claim asserted, a plaintiff must show the claim is within "the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory acts alleged in the administrative charge." *See Jones v. UPS, Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (emphasis omitted). "In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional prerequisite to suit" and may properly be raised by motion under Rule 12(b)(1). *Id*. at 1183; *see Bertsch v. Overstock.com*, 684 F.3d 1023, 1030 (10th Cir. 2012); *Shikles v. Sprint/United Mgmt.*

*Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005); *but see Gad v. Kans. State Univ.*, 787 F.3d 1032, 1038 (10th Cir. 2015) (some administrative requirements are not jurisdictional).

It is well settled that the 90-day time limit for filing suit after receiving a right-to-sue notice from the EEOC "is not jurisdictional, but is a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Jarrett v. US Sprint Commc'ns Co.*, 22 F.3d 256, 259-60 (10th Cir. 1994); *Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 859 (10th Cir. 1983); *see also Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995). However, the obligation to demonstrate a timely filing "is a condition precedent to suit and thus a burden for plaintiffs to carry." *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1167 (10th Cir. 2007). This issue may properly be raised by a motion to dismiss under Rule 12(b)(6).[2]

**Standard of Decision**

"Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *City of Albuquerque v. United States Dep't of Interior*, 379 F. 3d 901, 906 (10th Cir. 2004) (citing *Ruiz v. McDonnell*, 299 F. 3d 1173, 1180 (10th Cir. 2002)). Where "the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends . . . , the court must

---

[2] Even viewed as an affirmative defense, a time bar can be decided under Rule 12(b)(6). "'[I]f the allegations [of a complaint] show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim.'" *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096-97 (10th Cir. 2009) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

4

look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence." *Paper, Allied Indus., Chem. & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005); *see Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Consideration of a Rule 12(b)(6) motion is limited to the face of the complaint, but "'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *See Alvarado v. KOB TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

**Discussion**

**A.     Administrative Exhaustion of Plaintiff's Gender Discrimination Claim**

Defendant contends Plaintiff's Complaint contains a Title VII claim that she was treated differently than male truck drivers during her employment, which claim was not

included in any EEOC charge. Plaintiff's first EEOC charge dated November 9, 2015, alleges that "[o]n or about August 21, 2105, I was told that I was being discharged due to my husband's resignation from the company." Def.'s Mot. Dismiss, Ex. 1 [Doc. No. 7-1]. Plaintiff's second EEOC charge dated February 19, 2016, alleges sexual harassment and retaliation as follows:

> . . . I was the only female Truck Driver and was constantly subjected to comments of a sexually [sic] nature and a sexually tainted work environment. On August 20, 2015, I notified Jeff Frieling, Supervisor, (male) that I was offended by the behavior and was told that if I told anyone, that I would never be hired in the state again. The behavior continued throughout the day. On August 21, 2015, I was discharged.

Def.'s Mot. Dismiss, Ex. 3 [Doc. No. 7-3]. Defendant contends these allegations of sexual harassment and retaliatory discharge are absent from the Complaint and Plaintiff's pleading instead includes a claim of disparate treatment from male truck drivers with regard to discipline, work conditions, and leave time (*see* Compl. ¶¶ 28, 31-32) that was never presented to the EEOC for investigation.

Upon consideration, the Court is unpersuaded by Defendant's argument regarding a lack of administrative exhaustion. Defendant is correct that Plaintiff describes additional acts of gender discrimination in the Complaint that do not appear on the face of either EEOC charge. However, an EEOC investigation into the alleged gender-based termination presented in Plaintiff's first EEOC charge might reasonably be expected to uncover additional allegations of gender discrimination by Defendant during Plaintiff's employment. For example, Plaintiff alleges in the Complaint that male truck drivers received additional leave time and "if she had been allowed the same amount of leave as

6

the similarly situated male employees of the Defendant, then she would not have been terminated." *Id.* ¶ 32. Regardless whether Plaintiff characterized the acts of gender discrimination in exactly the same way in her EEOC charge and her Complaint, the Court is unwilling to find that some part of Plaintiff's gender discrimination claim is jurisdictionally barred by a lack of administrative exhaustion.

An EEOC charge is frequently filed by a claimant without counsel, and is not assessed like a pleading drafted by a lawyer. *See*, *e.g.*, *Mitchell v. City & Cty. of Denver*, 112 F. App'x 662, 667 (10th Cir. 2004) (unpublished).[3] Courts instead apply "the principle of liberal construction" to an EEOC charge. *See Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1195 (10th Cir. 2004). "'[A] charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Id.* (quoting 29 C.F.R. § 1601.12(b)) (emphasis omitted). A claimant need not identify the precise legal theory underlying the claim. *See*, *e.g.*, *id.* at 1196 (EEOC charge "simply used the wrong words, charging that [plaintiffs] were 'terminated' rather than 'not hired,'" and was sufficient to exhaust failure-to-hire claim).

Under the circumstances of this case, the Court finds that Plaintiff's first EEOC charge was sufficient to satisfy the requirement of administrative exhaustion for the gender discrimination claim now asserted.

---

[3] The Court cites unpublished opinions pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1.

### B. Timeliness of Plaintiff's Gender Discrimination Claim

Defendant also asserts that Plaintiff's gender discrimination claim is time barred because she failed to satisfy the 90-day time limit to sue after the EEOC dismissed her charge and notified her of a right to sue. Both of Plaintiff's EEOC charges were filed within 180 days after her termination and, to this extent, preserved her right to sue. Defendant contends, however, that as soon as Plaintiff obtained a right to sue on her first EEOC charge of discriminatory termination, she was obliged to bring suit within 90 days. Defendant argues, based on decisions of other federal district courts, that Plaintiff could not preserve her termination claim by filing a new EEOC charge and obtaining a second right-to-sue notice, but was required to proceed to court within 90 days after obtaining the first EEOC notice.

Plaintiff contends her second EEOC charge added allegations of sexual harassment and retaliation related to her termination, and thus amended her first charge. Plaintiff asserts that she timely filed suit within 90 days after exhausting all claims and receiving a right to sue notice following her second charge.

Neither party's argument is supported by binding precedent. Plaintiff presents no legal authority for the proposition that a claimant can amend an EEOC charge by filing a new charge after the EEOC has dismissed the original, and the Court has found none. The Court's research does reveal, however, that the Tenth Circuit has rejected the proposition urged by Defendant.

In *Tadlock v. Marshall County HMA, LLC*, 603 F. App'x 593 (10th Cir. 2015) (unpublished), the plaintiff submitted two EEOC charges. The first one was filed in December 2012 and asserted a Title VII retaliation claim regarding the plaintiff's termination of employment; the EEOC dismissed the charge and issued a right-to-sue notice on January 8, 2013. After the plaintiff retained counsel, she submitted a new EEOC charge in February 2013 alleging disability discrimination and retaliation in her termination. The second charge was also dismissed and a second right to sue notice was issued on June 5, 2013. The plaintiff filed suit on June 21, 2013. The district court granted summary judgment to the employer on the ground that the disability discrimination claim was time barred because the plaintiff did not file suit within 90 days of receiving notice of a right to sue on the first EEOC charge.

The Tenth Circuit reversed. It held that the plaintiff's disability discrimination claim "was administratively exhausted by her second EEOC charge, not her first, and is timely." *Id*. at 701. The court rejected the employer's argument based on a district court decision cited by Defendant in this case, *Sparks v. Lowe's Home Ctr. Inc.*, 341 F. Supp. 2d 671 (E.D. Tex. 2004), that a right-to-sue deadline can only be extended if the EEOC elects to reconsider a charge. The Tenth Circuit stated that "our caselaw does not indicate any such requirement and appears generally favorable to the idea that plaintiffs may file additional charges based on new facts or legal theories." *Tadlock*, 603 F. App'x at 701. Upon examination of the factual allegations presented to the EEOC in the plaintiff's second EEOC charge, the court of appeals determined that she had sufficiently

exhausted her administrative remedies for a claim of disability discrimination based on degenerative disc disease, but not a disability of Type II diabetes alleged for the first time in the lawsuit. Id. at 701-02.

In this case, Plaintiff concedes she did not file suit within 90 days after receiving the EEOC's notice of a right to sue on her first EEOC charge but, instead, filed a second EEOC charge and waited to file suit after she received a second right-to-sue notice on that charge. *See* Pl.'s Resp. Br. [Doc. No. 8] at 4. Therefore, a Title VII claim based on the allegations of gender discrimination asserted in Plaintiff's first EEOC charge is untimely. The same timeliness requirement applies to an OADA claim based on these allegations. *See* Okla. Stat. tit. 25, § 1350(I). Apart from an unsupported argument that the second EEOC charge amended the first, Plaintiff provides no basis for a finding that the 90-day time period for suit on the first EEOC charge should be tolled or otherwise excused. Thus, the Court finds that Defendant is entitled to dismissal of the Title VII and OADA gender discrimination claims asserted in the Complaint, which were administratively exhausted in EEOC proceedings on the first charge.

Because this action was timely filed in relation to the second EEOC charge, Plaintiff could proceed on Title VII and OADA claims of sexual harassment and retaliatory termination for complaining of sexual harassment, as alleged in that charge. Plaintiff argues the timeliness of those claims in her brief. *See* Pl.'s Resp. Br. [Doc. No. 8] at 5-6. The Court has searched the Complaint, however, and finds no allegations to support either claim. None of the factual allegations regarding sexual harassment

during Plaintiff's employment and retaliatory termination for complaining of sexual harassment, which were presented in Plaintiff's second EEOC charge, appear in the Complaint.

For these reasons, the Court finds that Plaintiff's gender discrimination claims asserted in the Complaint under the OADA ("First Cause of Action") and Title VII ("Fourth Cause of Action") must be dismissed for failure to satisfy the condition precedent of a timely court filing. Although this action was timely filed following Plaintiff's receipt of a right-to-sue notice regarding her second EEOC charge, the claims asserted in that charge are not asserted in the Complaint. The Court further finds that Plaintiff should be allowed to amend her pleading to cure this deficiency in her pleading.

## C. Sufficiency of Plaintiff's Pleading to State a Supplemental Claim

### 1. Breach of Contract

Defendant challenges the sufficiency of the Complaint to state a plausible claim for breach of contract. Plaintiff alleges only that Defendant "fail[ed] to adhere to written provisions governing employment relations, as provided in the Defendant corporation's personnel policy manual," on which Plaintiff relied to her detriment, and so "breached its express and implied contractual obligations." Compl. ¶ 20. Defendant contends these vague allegations do not show the existence of an enforceable employment contract.

Plaintiff has responded to the Motion by stating she "concedes to dismiss her breach of contract claim." *See* Pl.'s Resp. Br. [Doc. No. 8] at 1-2. For this reason, and

because Defendant's argument regarding this claim (the "Second Cause of Action") has merit, the Court finds this part of Defendant's Motion should be granted.

## 2. Intentional Infliction of Emotional Distress

To prevail on a claim of intentional infliction of emotional distress under Oklahoma law, a plaintiff must show: "(1) the defendant acted intentionally or recklessly, (2) the defendant's conduct was extreme and outrageous, (3) the defendant's conduct caused the plaintiff emotional distress, and (4) the resulting emotional distress was severe." *See Computer Publ'ns, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002). To satisfy the second element, the defendant's conduct must be so extreme and outrageous as to be "beyond all possible bounds of decency" in the setting in which it occurred, or "utterly intolerable in a civilized community." *See Eddy v. Brown*, 715 P.2d 74, 77 (Okla. 1986); *see also Welton*, 49 P.3d at 735; *Kraszewski v. Baptist Med. Ctr. of Okla., Inc.*, 916 P.2d 241, 248 (Okla. 1996). "In general, a plaintiff must prove that the recitation of defendant's conduct to an average member of the community would arouse the listener's resentment against the defendant and would lead the listener to exclaim 'Outrageous!'" *Welton*, 49 P.3d at 735.

In this case, Defendant contends Plaintiff has failed to allege sufficient facts to suggest extreme and outrageous conduct or to show she suffered severe emotional distress. Plaintiff responds with a vague argument – untethered to any factual allegations of the Complaint – that unnamed "supervisors intentionally subjected [Plaintiff] to sex discrimination and terminated her," that her termination "caused severe emotional

distress," and that she "experienced psychological problems during her employment and after her termination."  Pl.'s Resp. Br. [Doc. No. 8] at 10.  She identifies Defendant's outrageous conduct as the "decision to terminate [Plaintiff] for complaining about being harassed and her husband quitting the job."  *Id*. at 11.  As explained *supra*, Plaintiff's reference to retaliation for complaining about sexual harassment is unsupported by any allegation of her pleading.

Upon careful consideration of Plaintiff's Complaint, the Court finds insufficient factual allegations to state a plausible intentional tort claim.  To be sufficient, a complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Padrus*, 551 U.S. 89, 93-94 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In this case, with regard to Plaintiff's claim of intentional infliction of emotional distress, the Complaint fails to satisfy this standard.  It fails to describe any conduct of Defendant that could reasonably be viewed as extreme and outrageous, and fails to identify any emotional distress suffered by Plaintiff that could reasonably be categorized as severe.

Therefore, the Court finds that Defendant is entitled to dismissal of Plaintiff's claim of intentional infliction of emotional distress ("Third Cause of Action").

## Conclusion

In summary, the Court finds that Plaintiff has shown administrative exhaustion of the gender discrimination claim asserted in the Complaint but this action was not timely filed within 90 days after the EEOC's notice of a right to sue on that claim.  Therefore,

the Title VII and OADA claims asserted in the Complaint are time barred.[4]  Further, the Complaint fails to state a plausible claim under Oklahoma law for breach of contract or intentional infliction of emotional distress.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 7] is GRANTED in part and DENIED in part, as set forth herein.  Plaintiff is authorized to file an amended complaint within 14 days from the date of this Order to cure any deficiency in her pleading that can be remedied consistent with Fed. R. Civ. P. 11.

IT IS SO ORDERED this 10th day of March, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[4] The claims asserted in Plaintiff's second EEOC charge (sexual harassment and retaliatory termination for complaining of sexual harassment) are argued in Plaintiff's brief but omitted from her pleading.